## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**HECTOR SANCHEZ, et al**                          **CIVIL ACTION**

**VERSUS**                                          **NUMBER 08-00642-FJP-DLD**

**WALTER SINGLEY, et al**

<u>**MAGISTRATE JUDGE'S REPORT**</u>

This matter is before the court on a referral from the district court of defendants' motion for sanctions (rec. doc. 26) for plaintiff Malik Perez's failure to comply with discovery orders.

***Background***

This automobile accident case was removed on October 29, 2008, and originally involved 3 plaintiffs, two of whom were dismissed in March 2009 as their claims were settled.   On July 8, 2009, defendants filed a motion to compel discovery responses (supplemental responses) from the remaining plaintiff, Perez.   Perez did not file an opposition to the motion to compel, and the court ordered Perez to file his supplemental responses to the discovery requests.[1]   Perez then filed a motion for extension of time, requesting 90 more days to respond to the discovery because counsel could not locate Perez, even with the efforts of a private investigator and conversations with Perez's friends. The court granted Perez an additional 30 days to respond to the discovery.

On January 15, 2010, defendants filed the present motion for sanctions, requesting dismissal of the case with prejudice under Rule 37 of the Federal Rules of Civil Procedure

---

[1]The outstanding discovery requests asked for such things as Perez's social security and driver's license numbers, names/addresses of employers, W-2's/tax returns, information on other accidents, names/addresses of health care providers.

and attorneys fees and costs for filing the motion.  Perez failed to oppose the motion, and oral argument was held on May 13, 2010.  At the hearing, Perez's counsel stated that although he has conducted a diligent search for Perez, which included hiring a private investigator, he has been unable to locate his client.   Counsel reported that he had not been able to locate his client for over a year and a half but believes he is somewhere in Mexico.  Counsel did not know of any further actions he could take to find his client beyond that which he has already done.

### GOVERNING LAW & ANALYSIS

As a general rule, a court will impose sanctions to: (1) secure compliance with discovery rules, (2) deter others from violating them, and (3) punish those who do violate them. *See Nat'l Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). However, sanctions should be tailored to the specific misconduct at issue. See *Pressy v. Patterson*, 898 F.2d 1018, 1021 (5th Cir.1990). Imposition of extreme sanctions is appropriate where the noncompliance has been willful or in bad faith. *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir.1989). A severe sanction under Rule 37 is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir.2003).

In the Fifth Circuit, sanctions under Rule 37 are "predicated upon the presence of such factors as willful disobedience, gross indifference to the right of the adverse party, deliberate callousness, or gross negligence." *Dorsey v. Academy Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir.1970). *See also Coane v. Ferrera Pan Cany Company*, 898 F.2d 1030, 1032 (5th Cir. 1990) Rule 37(b)(2)(A) further provides that if a party fails to obey an order to provide discovery, the Court may: (1) direct that the facts be established as the

prevailing party claims; (2) prohibit the disobedient party from introducing information into evidence or supporting or opposing claims or defenses; (3) strike the pleadings; or (4) dismiss the action in whole or in part. FRCP, Rule 37(b)(2)(A).  *See also, Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514-17 (th Cir. 1985). In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows dismissal with prejudice for failure to prosecute or failure to comply with an order of the court.

In this case, the failure to comply with the court's discovery orders lies strictly with the plaintiff and not with his counsel.  Short of dismissing the lawsuit, there is no lesser sanction which would secure compliance, deter others from the same behavior, or punish plaintiff for his willful non-compliance, as plaintiff has chosen not to move forward with his case by his extended absence.

### RECOMMENDATION

It is therefore the recommendation of the magistrate judge that defendants' motion for sanctions (rec. doc. 26) be **GRANTED** to the extent that all claims brought by Malik Perez be **DISMISSED with prejudice** under Rules 37 and 41 of the Federal Rules of Civil Procedures for failure to comply with court orders and failure to prosecute his claims. It is the further recommendation of the magistrate judge that no fees or costs be awarded in this matter due to the severity of the sanctions imposed upon plaintiff.

Signed in Baton Rouge, Louisiana, on May 13, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**HECTOR SANCHEZ, et al**                     **CIVIL ACTION**

**VERSUS**                                     **NUMBER 08-00642-FJP-DLD**

**WALTER SINGLEY, et al**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 13, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**